THE R. C. MAXWELL COMPANY, Respondent. *v.* THOS. CUSACK COMPANY, Appellant.

First Department, April 7, 1922.

Injunction — action to restrain defendant from interfering with signs on roof of building — roof, with right to erect signs, leased by owner to defendant — building subsequently leased to third person before termination of defendant's lease — lessee of building leased signs to plaintiff — signs bore defendant's name when lessee of building took possession — injunction pendente lite denied.

In an action for an injunction to restrain the defendant from interfering with certain signs, advertisements and billboards on the roof of a building, it appeared that the defendant leased the entire roof of the building on the premises in question for one year, with privilege of renewal, and had the right to paint on or construct a bulletin for advertising purposes upon the entire roof of the premises. Before the expiration of the first year, the defendant sent a check to the owner for the next year's rent, which was returned to him with a statement by the owner that he did not have possession of the building. In the meantime, the owner had leased the entire building to a third person who, in turn, and before the expiration of defendant's lease, leased to plaintiff, not the roof of the building in question, but "the exclusive right to use for advertising purposes, all of the signs now on the roof of the house or building" in question. The signs erected by the defendant bore its name and the name was plainly visible from the street below, and the tenant of the building knew when he executed the lease of the existence of said signs bearing defendant's name. The plaintiff, with the knowledge and consent of the owner of the building and his lessee, entered upon the roof of the premises and obliterated the signs put thereon by the defendant and the defendant was prevented from entering upon the premises.

*Held*, upon the facts appearing, that the plaintiff was not entitled to an injunction *pendente lite* giving to it the exact and complete measure of equitable relief which it seeks by a judgment herein as demanded by the complaint.

APPEAL by the defendant, Thos. Cusack Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of July, 1921, granting the plaintiff's motion for a temporary injunction restraining the defendant during the pendency of this action from interfering with certain signs, advertisements and billboards.

*Beals & Nicholson* [*Patrick J. Dobson* of counsel; *Douglas Nicholson* and *William J. Martin* with him on the brief], for the appellant.

*William A. Blank*, for the respondent.

DOWLING, J.:

Joseph F. Wade was the owner in fee of premises known as No. 1315 Surf avenue, Coney Island, in the borough of Brooklyn, city of New York. On April 14, 1920, he made a written lease to defendant of the entire roof of the building on said premises for

the term of one year from May 1, 1920, at the annual rental of $115, payable annually in advance, with the right to the tenant to renew the lease for the same period at the same rate by giving the landlord written notice by mail prior to the expiration of the term.  At the same time he gave defendant a letter to the effect that he gave it permission to paint on or construct a bulletin for advertising purposes upon the entire roof of the premises.  The rent for the first year was paid to Wade in advance, and defendant at once sent its agents to the premises, where they painted on the sign located thereon a display advertising sign bearing defendant's name.

On March 8, 1921, defendant notified Wade that it intended to carry out the terms of the lease (evidently referring to the renewal thereof) and that it would forward its check before May first. On April second defendant sent to Wade its check for $115 for one year's rent in advance under the lease, from May 1, 1921, to May 1, 1922.  This check Wade returned on May 3, 1921, with a note stating that he could not accept the check as he no longer had possession of the premises.

Meantime, in December, 1920, Wade leased the entire premises, No. 1315 Surf avenue, to Peter Drucker.  Drucker claims that he took possession subject to no subleases whatsoever.  Wade claims that he leased to Drucker subject to a lease to one H. Wildman. On February 23, 1921, Drucker made a lease to plaintiff to commence on April 1, 1921, " wherein and by the terms of which agreement," as Drucker claims, " the R. C. Maxwell Co. leased from me the privilege to use two (2) certain bill boards on the roof of the premises and the side of the brick building on said premises; that thereafter the R. C. Maxwell Co. took possession of the portion of the premises leased and proceeded to advertise thereon the goods, wares and merchandise of certain corporations, and upon the front sign, facing Surf Avenue, the R. C. Maxwell Co. advertised the Adams Chewing Gum."

On May 10, 1921, Drucker claims that certain employees of defendant entered the premises in question and asked for the privilege of ascending to the roof in order to repaint the signs on the roof for defendant, whereupon Drucker told them it was impossible, as he had leased plaintiff the exclusive right to the signs, and thereafter he found that certain of defendant's employees had reached the roof and were repainting and defacing one of the signs, whereupon he had the employees arrested.  In court defendant's representative agreed to temporarily refrain from interfering with the signs until plaintiff took action, but on May 13, 1921, defendant again threatened to repaint the signs.

By the written lease between Drucker and plaintiff, which is annexed to the complaint, it appears that Drucker leased to plaintiff, not the roof of the building in question, but "the exclusive right to use for advertising purposes, all of the signs now on the roof of the house or building known and described as No. 1315 Surf Avenue, on Coney Island, Borough of Brooklyn, County of Kings, in the City and State of New York, being the signs facing Surf Avenue, West 15th Street, and facing the West End Terminal of the Brooklyn Rapid Transit Company, said signs to be taken by the party of the second part in the condition they are now in." This lease was for a period of three years, beginning April 1, 1921, at an annual rental of $450.

The answering affidavit of the general manager of the defendant shows, among other facts:

"That on or about the 1st day of May, 1920, the defendant sent its agents and employees to the said premises, and they entered upon the roof of the building described in the said agreement, Exhibit A, and painted on the sign located thereon a display advertising sign bearing the name of Thomas Cusack Company.

"That at the time of the execution of the said agreement, Exhibit A attached to the answer, the said Wade was notified by the defendant that the defendant intended to use the said space on the roof of the building described in said agreement, Exhibit A, for the purpose of painting display advertising signs thereon for its customers, and that the defendant intended to enter into agreements with such customers for that purpose.

"That on or about the 8th day of March, 1921, the said Wade informed the defendant that he had leased the entire building No. 1315 Surf Avenue, Borough of Brooklyn, City of New York, to Peter Drucker for the period of ten years from the first day of January, 1921. That at the time of the execution of the said lease to the said Drucker by the said Wade the said display advertising sign painted by the defendant was erected on the roof of the said building and contained thereon the name of the Thomas Cusack Company conspicuously painted on the front thereof and plainly visible from the adjoining street.

"Deponent further says, on information and belief, that the said Drucker at the time of entering into the lease with the said Wade knew of the existence of the said advertising display sign painted by the defendant on the roof of the said building and knew that the defendant had entered into the agreement, Exhibit A attached to the answer, with the said Wade, and knew the purposes for which the defendant intended to use said space so rented."

It also appears that when on May 3, 1921, Wade returned defendant's check for the second year's rent he gave no reason for refusing to recognize defendant's right to the renewal given him by the lease, save that he " no longer has possession of 1315 Surf Avenue, on which you have previously had an advertising sign." It is further alleged, on information and belief, that prior to the 12th day of April, 1921, the plaintiff, with the knowledge and consent of the said Wade and Drucker, entered upon the roof of the premises and painted on the sign thereof a display sign and painted over and obliterated the name of Thomas Cusack Company thereon and excluded the defendant, its agents and servants, from the roof of the building, and prevented the defendant and its agents from maintaining and painting its display advertising sign on the roof, and they threatened and still threaten to deprive the defendant of the use and enjoyment of the roof of said building, and threaten to deprive the defendant of the enjoyment of the easement granted to it and exclude the defendant from said premises.

Further, that on or about the 29th day of April, 1921, the plaintiff caused the defendant, its agents and servants, to be ejected and removed from the said premises and notified it that the plaintiff would not thereafter permit or allow the defendant, its agents and servants, to enter upon the roof of the said building for the purpose of painting a display advertising sign thereon.

The signboards erected upon the roof of the premises were two in number; one faced Surf avenue and was thirty-five feet long by ten feet high; the other faced Fifteenth street and was forty-five feet long and ten feet high. They were securely fastened to the roof. On top of each signboard was a smaller sign, eight feet long and nine inches high, bearing in letters six inches high the defendant's name. The name on each smaller board was plainly visible from Surf avenue, and they remained continuously in position until removed by plaintiff's employees about April 1, 1921.

The injunction granted herein restrains defendant during the pendency of this action from painting, defacing, obliterating, taking possession of, obstructing, removing or in any wise interfering with the signs, advertisements and billboards located at premises No. 1315 Surf avenue, Coney Island, in the borough of Brooklyn, county of Kings, on the roof of said premises, or the sides of the building thereof, or from doing or suffering to be done any of the foregoing acts through any agent, servant, employee or other person.

We are of the opinion that upon the record herein the plaintiff was not entitled to the relief sought by it. Without passing finally upon the relative rights of plaintiff and defendant in and to

the premises in question, which should be determined only upon a trial of the issues, it is at least certain that plaintiff has failed to make out such a case as would warrant the court in granting it by this temporary relief the exact and complete measure of equitable relief which it seeks by a judgment herein as demanded by the complaint.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.